IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and ARTHUR H. BUNTE, JR., as Trustee, *Plaintiffs*, v. WATERLAND TRUCKING SERVICE, INC., a Michigan corporation; *Defendant*. | Case No. 19-cv-03068 District Judge Magistrate Judge |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Arthur H. Bunte, Jr., one of its present trustees, for a cause of action against Defendant allege as follows:

## JURISDICTION AND VENUE

1. This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001 *et seq*. This Court has jurisdiction over this action under sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c).

3. Venue lies in this Court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") is administered at its principal place of business in Rosemont, Illinois. Venue is also proper in this Court pursuant to the forum selection clause contained in the Pension Fund's

Trust Agreement which designates this district as the appropriate forum for lawsuits to collect withdrawal liability.

## PARTIES

4. The Pension Fund is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5. Plaintiff Arthur H. Bunte, Jr. is a present trustee and fiduciary of the Pension Fund within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and he and his fellow trustees are the plan sponsor of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10). The Trustees administer the Pension Fund at 9377 West Higgins Road, Rosemont, Illinois.

6. Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees, by and through their designated trustee Arthur H. Bunte, Jr., are authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries for the purpose of collecting withdrawal liability.

7. Defendant Waterland Trucking Service, Inc. ("Waterland") is a corporation organized under the laws of the State of Michigan.

## CLAIM FOR RELIEF

8. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 7 of this Complaint as though fully set forth herein.

9. Waterland is the "employer" for purposes of the determination and assessment of withdrawal liability under Title IV of ERISA.

10. During all relevant times, Waterland was bound by collective bargaining agreements with a certain local union affiliated with the International Brotherhood of Teamsters,

pursuant to which Waterland was required to make contributions to the Pension Fund on behalf of certain of its employees.

11. The Pension Fund determined that on or about December 9, 2012, Waterland permanently ceased to have an obligation to contribute to the Pension Fund and/or permanently ceased all covered operations, thereby effecting a "complete withdrawal" from the Pension Fund within the meaning of section 4203 of ERISA, 29 U.S.C. § 1383.

12. As a result of this complete withdrawal, Waterland incurred withdrawal liability to the Pension Fund in the principal amount $575,811.99, as determined under section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

13. On or about May 27, 2014, Waterland received a notice and demand for payment of the withdrawal liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1).

14. The notice and demand notified Waterland that it was required to discharge its liability in a lump-sum payment of $575,811.99 or in monthly interim payments of $7,941.68, with the first installment due on or before June 1, 2014 and the final installment (in the amount of $5,183.22) due on or before January 1, 2022.

15. On July 1, 2014, Waterland requested review of its withdrawal liability assessment pursuant to 29 U.S.C. §1399(b)(2)(A).

16. The Pension Fund's Board of Trustees upheld Waterland's withdrawal liability assessment and denied Waterland's request for review, and Waterland received notice of the Board of Trustees' decision on September 19, 2014.

17. To date, Waterland has made 56 monthly interim payments of $7,941.68, with its total payments being $444,734.09.

18. Waterland did not submit an interim payment to the Pension Fund for the month of February 2019.

19. On February 22, 2019, Waterland received a past due notice from the Pension Fund pursuant to section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A), advising that its withdrawal liability payments were past due, and which forewarned Waterland of the consequences of its failure to pay such withdrawal liability.

20. Despite receiving a past due notice, Waterland has not submitted an interim payment for the month of February 2019 or any subsequent months.

21. Waterland did not timely initiate arbitration pursuant to section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1). Consequently, the amounts demanded by the Pension Fund are due and owing pursuant to section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

22. Waterland failed to make the required withdrawal liability payments to the Pension Fund and fell into default within the meaning of section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Defendant, and on behalf of Plaintiffs, pursuant to sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), for --

    (i) $250,334.02 in withdrawal liability;

    (ii) interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged;

   (iii) an amount equal to the greater of interest on the unpaid withdrawal liability or liquidated damages of 20% of the unpaid withdrawal liability; and

   (iv) attorney's fees and costs.

 (b) Post-judgment interest computed and charged on the entire judgment at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually; and

 (c) For such further or different relief as this Court may deem proper and just.

Respectfully submitted,

May 7, 2019

/s/ *Matthew B. Wesley*
Matthew B. Wesley (ARDC # 6327766)
Attorney for Plaintiffs
CENTRAL STATES FUNDS
Law Department
9377 W. Higgins Road, 10th Floor
Rosemont, Illinois 60018-4938
(847) 777-4035
mwesley@centralstatesfunds.org